IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROQUETTE FRÈRES, S.A., ) | |
| ) | |
| Plaintiff and Counter-Defendant, ) | |
| ) | |
| v. ) | Civ. No. 14-1442-SLR |
| ) | |
| SOLAZYME, INC., ) | |
| ) | |
| Defendant and Counterclaimant. ) | |

| | |
|---|---|
| ROQUETTE FRÈRES, S.A., ) | |
| ) | |
| Plaintiff and Counter-Defendant, ) | |
| ) | |
| v. ) | Civ. No. 15-0125-SLR |
| ) | |
| SOLAZYME, INC., ) | |
| ) | |
| Defendant and Counterclaimant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 12th day of January, 2016, having reviewed the motion to stay filed by Roquette Frères, S.A. ("Roquette") and Solazyme, Inc.'s ("Solazyme") opposition thereto; and in order to minimize either party's competitive advantages over the other pending the ultimate review by the Third Circuit (D.I. 158) of the arbitral decision that issued on February 19, 2015 and was confirmed by memorandum opinion and order that issued on December 21, 2015 (D.I. 153; D.I. 154);

IT IS ORDERED that the motion to stay (D.I. 159) is granted. The four factors

which must be weighed in determining a request for a stay include: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) the balance of harms; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). With respect to the balancing of harms, I acknowledge both the expansive remedies ordered by the arbitration panel (which weighs in favor of Roquette), and the fact that the arbitral order has been pending without being honored by Roquette for nearly a year (which weighs in favor of Solazyme). The public interest always lies in a just resolution of the parties' dispute (and, therefore, is a neutral factor). With respect to the first factor, I recognize that the language of the JVOA is susceptible of more than one meaning and that the Third Circuit may disagree with my interpretation of such, even under the narrow scope of the Federal Arbitration Act. In order to balance the equities in this hotly contested commercial dispute, I conclude that the above factors warrant a limited stay.

THEREFORE, IT IS FURTHER ORDERED that:

1. As a measure of good faith, Roquette must apply to the Third Circuit for an expedited appeal.

2. Roquette need not turn over its trade secrets (including patent applications) to Solazyne pending appellate review. However, Roquette is immediately enjoined[1] from pursuing any further commercialization of any technology arguably within the ambit of the arbitral decision, including the sale of products and the prosecution of patent

---

[1] The standard for a preliminary injunction mirrors that of a stay.

2

applications. The intent of this order is to maintain the status quo as it existed when the arbitral decision issued, on February 19, 2015, so that Solazyne does not benefit from access to Roquette's trade secrets and Roquette does not benefit[2] from ignoring a decision by which it may be bound.

_____
United States District Judge

---

[2]According to Roquette, its sales have been minimal (D.I. 168 at 1); therefore, a stay of such will not unduly harm or prejudice Roquette.

3